UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) ) | |
| Plaintiff, ) ) | |
| ) | Civil No. 2:15-cv-26 |
| v. ) | Judge Sharp/ Brown |
| ) | |
| SPECIALTY SURGERY CENTER, PLLC, et al. ) ) ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff State Farm Fire and Casualty Company ("State Farm") filed a complaint ("Complaint") (Docket No. 1) seeking declaratory judgment on its duty to defend policyholders in a tort claim. Individual Tort Victim Defendants ("ITV Defendants") moved to strike or stay the proceedings pending resolution of the underlying claims. (Docket No. 67.) On September 23, 2015, Magistrate Judge Brown denied the motion in part and granted it in part. (Docket No. 77.) The ITV Defendants now move for review of the Magistrate Judge's order. (Docket Nos. 80, 80-1.)

The Court grants the ITV Defendants' motion for review and affirms the Magistrate Judge's order. The Court also grants State Farm's request for more time to confer and submit a proposed request for certification to the Tennessee Supreme Court. The parties will have seven days from entry of the accompanying order in which to prepare a request for certification.

1

## BACKGROUND

This case stems from a fungal meningitis outbreak in the summer and fall of 2012. Plaintiffs across the country filed suits against the pharmacy that compounded the contaminated injectable steroid. Many of those suits also named the healthcare providers who bought the contaminated steroids, resold the medication to patients, and injected the patients. The Judicial Panel on Multidistrict Litigation consolidated the cases in front of Judge Zobel of the U.S. District Court for the District of Massachusetts.

The claims against Tennessee defendants include violations of the Tennessee Products Liability Act ("TPLA"), Tenn. Code § 29-28-101–28-108. The TPLA permits claims against "sellers" of products in certain circumstances, including where, as here, the manufacturer has been declared insolvent. Id. § 29-28-106. Patients from Defendant Specialty Surgery Center, PLLC make up some of the Tennessee victims.

On August 29, 2014, Judge Zobel granted in part and denied in part motions to dismiss filed by Specialty Surgery Center and Defendant Kenneth R. Lister. In re New England Compounding Pharm, Inc. Prods. Litig., 2014 WL 4322409, at *14 (D. Mass. Aug. 29, 2014). The court held that the plaintiffs had stated viable claims under the TPLA against Specialty Surgery Center, Lister, and the other Tennessee defendants. The court declined to rule that "health care providers were categorically not sellers . . . under the TPLA," since the "absence of a clear precedent prohibiting products liability actions against health care providers . . . strongly militate[s] against barring such claims." Id. at *14.

As the multidistrict proceedings continued, State Farm initiated this case by filing the Complaint for declaratory judgement against Specialty Surgery Center, Lister, and the ITV

Defendants. In its complaint, State Farm argues that it has no duty to defend against the tort victims' claims because healthcare providers cannot be "sellers" under the TPLA.

The ITV Defendants moved to strike all paragraphs in the Complaint alleging that healthcare providers are not "sellers" under the TPLA. (Docket No. 67.) The ITV Defendants also moved to stay proceedings pending resolution of the underlying tort claims in the multidistrict litigation.

On September 23, 2015, the Magistrate Judge issued an order (Docket No. 77) denying the motion to strike and granting the motion to stay in part. The Magistrate Judge also ordered the parties to prepare a request for the TPLA question to be certified to the Tennessee Supreme Court.

On October 7, 2015, the ITV Defendants filed a motion for review of the Magistrate Judge's order. (Docket Nos. 80, 80-1.)

**LEGAL STANDARD**

A party may file objections to a magistrate judge's order within fourteen days of being served with the order. FED. R. CIV. P. 72(b). The Court applies *de novo* review to a magistrate judge's dispositive orders. 28 U.S.C. § 6369(b)(1)(C); FED. R. CIV. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

The ITV Defendants' motion for review was filed within fourteen days of the Magistrate Judge's September 23 order, as required. The Court will apply *de novo* review to the Magistrate Judge's rulings on the motion to strike or stay pending resolution of the underlying tort claims. See also, e.g., S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013) ("Where a

3

denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive."); Snow v. Kemp, 2011 WL 321651, at *1 (W.D. Tenn. Jan. 28, 2011) ("Generally, motions to strike pleadings are dispositive in nature.").

**ANALYSIS**

**I.      Motion to Strike**

The ITV Defendants argue that the Magistrate erred in denying the motion to strike ¶¶ 52 and 62 from the Complaint. The ITV Defendants contend that those paragraphs, "which put into issue whether healthcare providers can be 'sellers' under the TPLA, are the type of 'impertinent' material" subject to strike under Rule 12(f) of the Federal Rules of Civil Procedure. (Docket No. 80-1, p. 6.) They also assert that any declaratory judgment issued before a ruling on the merits of the underlying tort claim would prejudice the other parties to the multidistrict litigation who are not before the Court in this action.

In response, State Farm argues that Rule 12(f) does not apply to ¶¶ 52 and 62. It points out that the paragraphs are not "immaterial," but are in fact "central to State Farm's claim" in the underlying litigation. (Docket No. 9, p. 4.)

The Court agrees with State Farm. Rule 12(f) should be "sparingly used," Brown v. Williamson Tobacco Corporation v. United States, 201 F.2d 819, 822 (6th Cir. 1953), and 12(f) motions should be granted "only when the pleading to be stri[c]ken has no possible relation to the controversy." Parlak v. U.S. Immigration & Customs Enf't, 2006 WL 3634385, at *1 (6th Cir. 2006).

Paragraphs 52 and 62 clearly "relat[e] to the controversy" at issue in this case: if State Farm cannot be sued under the TPLA as a matter of law, it might be entitled to declaratory relief. And

4

without clear state precedent on the viability of a potential legal theory, the Court should be cautious about striking an allegation from a complaint. See, e.g., Combs v. Int'l Ins. Co., 354 F.3d 568, 578 (6th Cir. 2004) (finding that federal courts "should be extremely cautious about adopting a substantive innovation in state law"); Dayton v. Peck, Stow, & Wilcox Co. (Pexto), 739 F.2d 690, 694 (1st Cir. 1984) ("Absent some authoritative signal from the legislature or the courts of [the state], we see no basis for even considering the pros and cons of innovative theories.").

The Court affirms the Magistrate's order denying the motion to strike.

## II. Motion to Stay

There is no precise test in this Circuit for when a stay is appropriate. Ferrell v. Wyeth–Ayerst Labs., Inc., 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005). However, a "court must tread carefully in granting a stay of [declaratory-judgment] proceedings," since a party seeking declaratory relief "has a right to a determination of its rights and liabilities without undue delay." Ohio Envtl. Council v. U.S. Dist. Ct., S. Dist of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977).

The ITV Defendants argue that the Court should stay the proceedings because declaratory judgment would be inappropriate. They contend that State Farm's Complaint is an "end run around" Judge Zobel's August 29, 2014 order in the multidistrict litigation. (Docket No. 80-1, p. 1.) They urge the Court to "exercise its discretion and stay the proceedings until the merits" of the underlying tort claims are decided. (Docket No. 68, p. 12.)

The Sixth Circuit has set out a five-factor test for determining whether a declaratory judgment is needed. The five factors are:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

Grand Trunk W. R.R. Co. v. Consol. Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984).

Applying the five factors to this case, the Court finds nothing to suggest that declaratory judgment would be improper. In short, there is no reason why these proceedings should be stayed pending the outcome of the multidistrict litigation.

**A. Settling the Controversy**

The ITV Defendants argue that the declaratory judgment would not settle the controversy between the ITV Defendants, Specialty Surgery, and Lister, since "the Tennessee courts could conclude that health care providers can be sellers under some sets of facts but not others." (Docket No. 80-1, p. 7.) In that case, more fact-finding would be needed before the case could be resolved.

In response, State Farm argues that the ITV Defendants have presented the wrong inquiry with respect to the first factor. The question, State Farm argues, is not whether the declaratory judgment would settle the broader controversy at the heart of the multidistrict litigation. Instead, the question is whether declaratory judgment would settle the controversy between State Farm

and the defendants in this action. Because "State Farm seeks only a determination of its insurance coverage" pursuant to the TPLA, "[this] controversy will be fully settled through adjudication of the declaratory judgment action." (Docket No. 96, p.4.)

This factor weighs in favor of declaratory judgment. The only issue before the Court in this case is whether State Farm is obligated to provide coverage, given the language of applicable policies and the construction of the TPLA. And this is a purely legal—not factual—dispute. Declaratory judgment would settle this controversy. <u>Scottsdale Ins. Co. v. Flowers</u>, 513 F.3d 546, 556 (6th Cir. 2008) (finding that first factor favored declaratory judgment when "the only controversy between [the parties] regarded the scope of the insurance policy").

**B. Serving a Useful Purpose in Clarifying the Legal Relations at Issue**

The ITV Defendants argue that a "declaratory action would not serve a useful purpose in clarifying the relevant legal relationships" because it would "requir[e] a court to resolve a dispute already being litigated in a different court." (Docket No. 80-1, p. 8.) They also argue that it would "risk[] prejudice" to any multidistrict-litigation defendants who are not insured by State Farm, since they "have an important interest in the question of whether they can be held liable as sellers under the TPLA, but are not parties" in this suit. (Docket No. 80-1, p. 8.)

In response, State Farm argues that the ITV Defendants' focus on the multidistrict litigation is misplaced. Specifically, State Farm contends that it "seeks a determination of a legal relationship" that is "nowhere at issue" in the multidistrict litigation. (Docket No. 96, p. 5.) As a result, declaratory judgment would serve a useful purpose in clarifying State Farm's legal relationship to the defendants in the case before the Court, even if it adds no clarity to the multidistrict litigation.

7

This factor also weighs in favor of declaratory judgment. The Sixth Circuit has held that a decision for declaratory judgment "must only clarify the legal relations presented in the declaratory judgment action." Scottsdale Ins. Co., 513 F.3d at 557. See also Owners Ins. Co. v. Graham, 2009 WL 4785862, at *2 (E.D. Tenn. Dec. 9, 2009) ("[A] declaratory judgment need not clarify all the legal relations implicated in a dispute . . . but must merely be able to 'resolve, once and finally, the question of the insurance indemnity obligation of the insurer.'") This declaratory judgment action would clarify the legal relationship between Tennessee insureds and an insurer; the issue of whether it would muddle the relationships in the multidistrict litigation is irrelevant to this inquiry.

**C. Procedural Fencing**

The ITV Defendants point out that State Farm filed its declaratory-judgment action only after Judge Zobel allowed Tennessee plaintiffs to pursue claims against health care providers as "sellers" under the TPLA. They contend that State Farm's Complaint is mere "procedural trickery" and that State Farm is simply "forum-shopp[ing]" to avoid an adverse ruling. (Docket No. 80-1, p. 9.)

State Farm argues that Judge Zobel's ruling—in which she "merely declined at the Rule 12(b)(6) stage to decide" that healthcare providers cannot be "sellers" under the TPLA—is not binding on State Farm, since State Farm was not a party to the multidistrict litigation. (Docket No. 96, p. 5.) State Farm also argues that there can be no procedural fencing without an improper motive; under circumstances such as these, Tennessee courts have found no improper motive, and thus no procedural fencing.

8

Again, this factor weighs in favor of declaratory judgment. First, State Farm is correct in pointing out that Judge Zobel's order was not intended to be an authoritative statement on the merits of treating healthcare providers as "sellers" under the TPLA. Instead, it found that the "absence of a clear precedent prohibiting products liability actions against healthcare providers" kept the court from barring such claims as a matter of law. In re New England Compounding Pharm, Inc. Prods. Litig., 2014 WL 4322409, at *14. Second, the Court agrees that State Farm has shown no improper motive in filing this action. Without an improper motive, there can be no procedural fencing. See, e.g., Scottsdale Ins. Co., 513 F.3d at 558 ("We are reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record.")

### D. Friction Between Federal and State Courts

The ITV Defendants argue that the fourth declaratory judgment factor is "not relevant" to this action. (Docket No. 80-1, p. 7.) In response, State Farm argues that "this . . . action will in no way increase friction between federal and state courts." (Docket No. 96, p. 8.) State Farm also contends that a stay would increase federal-state friction: such a ruling would "indicat[e] that an . . . issue of first impression under Tennessee law is better decided by a foreign [federal] district court." (Docket No. 96, p. 8.)

This factor weighs in favor of declaratory judgment, as well. By certifying the question to the Tennessee Supreme Court, the Court would diminish any friction between federal and state courts. See, e.g., Combs, 354 F.3d at 578; Dayton , 739 F.2d at 694.

### E. Availability of a Better Alternative Remedy

The ITV Defendants argue that State Farm should "seek to intervene in the MDL cases against [Specialty Surgery and Dr. Lister]." (Docket No. 80-1, p. 9.) This, they argue, would

9

allow the multidistrict-litigation court to "resolv[e] the contract dispute between State Farm and its insureds" while allowing the "other Tennessee defendants to participate in the court's adjudication of their liability under the TPLA." (Docket No. 80-1, p. 9.) The ITV Defendants also suggest that State Farm "pursue an indemnification action" after the underlying multidistrict-litigation suits are resolved. (Docket No. 80-1, p. 9.)

In response, State Farm argues that the ITV Defendants have filed no motion to transfer this action to Massachusetts. (Docket No. 96, p. 8 n. 5). State Farm also contends that a "ruling by a "Massachusetts District Court, sitting in diversity, on [an] issue of first impression" is not an adequate alternative remedy.

This too weighs against staying the declaratory judgment action. Although the Court may transfer a case without a formal motion, Carver v. Knox County, Tennessee, 887 F.2d 1287, 1291 (6th Cir. 1989), a transfer would be improper here. The certified question is an issue of state law. State courts are far better-positioned to hand down an authoritative answer. See Combs, 354 F.3d at 578; Dayton, 739 F.2d at 694.

### III. Certification to the Tennessee Supreme Court

The Magistrate Judge's September 23 order also required the parties to submit a request for certification to the Tennessee Supreme Court pursuant to Rule 23 of the Tennessee Supreme Court Rules.[1] In its brief, State Farm requested that the Court "permit the parties seven days after entry of [this] ruling" to confer and submit a proposed certification request. (Docket No. 96, p. 10.)

The Court grants State Farm's request. The parties will have seven days from entry of the accompanying order to confer and submit a proposed request for certification.

### CONCLUSION

The Court GRANTS the ITV Defendants' motion for review and AFFIRMS The Magistrate Judge's order.

The Court also GRANTS State Farm's request for additional time to confer and submit a proposed request for certification. The parties will have seven days from entry of the accompanying order in which to prepare a request for certification.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[1] In their motion for review, the ITV Defendants also objected to the Magistrate Judge's decision to certify the question to the Tennessee Supreme Court. They urge the Court to transfer the action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). (Docket No. 80, p. 2.) This request was never raised in the ITV Defendants' original motion to strike or stay the proceedings. (See Docket No. 67, 68.) As such, the request is outside the scope of the Court's review.